## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, f.k.a USF INSURANCE COMPANY, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. __6:18-cv-1102_____ |
| LESLIE LYLE CAMICK., a.k.a. WAYNE CAMICK | ) ) ) | **JURY TRIAL DEMANDED** |
| **And** | ) ) | |
| KAITRAXX, LLC, d/b/a KOM TRAXX | ) ) ) | |
| **And** | ) ) | |
| EVELYN A. WATTLEY, a.k.a. LYN WATTLEY | ) ) ) | |
| **Defendants.** | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Atain Insurance Company, formerly known as USF Insurance Company (hereinafter "Atain"), by and through counsel, pursuant to Federal Rule 57 and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment states, avers and alleges as follows:

### Jurisdiction and Venue

1.      Plaintiff Atain is an insurance company with its principal place of business in the state of Michigan.

2.      Defendant Leslie Lyle Camick, a.k.a. Wayne Camick (hereinafter, "Camick") is an individual and a foreign citizen and resident of Canada.  He may be served at his principal place of residence at 71 McKenzie St., Orillia, Ontario Canada L3V 6A6.

3.     Defendant KaiTraxx, LLC, d/b/a Kom Traxx (hereinafter "Kom Traxx"), is a Louisiana limited liability company with its principal place of business in the State of Kansas. Defendant Kom Traxx may be served by and through its officer, Evelyn A. Wattley.

4.     Defendant Evelyn A. Wattley, a.k.a.  Lyn Wattley (hereinafter, "Wattley"), is an individual and a resident of the State of Kansas. Defendant Wattley may be served at her principal place of residence at 1202 E. 9th Ave., Winfield, Cowley County, Kansas 67156.

5.     This action is based on an insurance coverage dispute, which arises out of allegations set forth in multiple lawsuits filed by Defendant Camick, which lawsuits were/are styled as <u>Leslie Lyle Camick v. Evelyn A. Wattley, et al.</u>, Case No. 2:13-cv-02361, Judgment entered in favor of KaiTraxx, LLC and Evelyn A. Wattley by the United States District Court for the District of Kansas, appeal dismissed by the Tenth Circuit, petition for writ of certiorari denied by the U.S. Supreme Court (the "First Underlying Lawsuit"); <u>Leslie L. Camick v. Evelyn A. Wattley, et al.</u>, Case No. 1:16-cv-09013, dismissed and/or administratively terminated by the United States District Court for the District of New Jersey (the "Second Underlying Lawsuit"); <u>Leslie Lyle Camick, aka Wayne Camick v. KiaTraxx L.L.C., dba Kom Traxx, et al.</u>, Case No. 6:17-cv-01110, pending in the United States District Court for the District of Kansas (the "Third Underlying Lawsuit"); <u>Leslie Lyle Camick, aka Wayne Camick v. E.A. Wattley, a.k.a. Lyn Wattley</u>, Case No. 6:17-cv-01286, pending in the United States District Court for the District of Kansas (the "Fourth Underlying Lawsuit"); collectively referred to as "the Underlying Lawsuits."

6.     A copy of the Complaint filed by Defendant Camick in the First Underlying Lawsuit is attached hereto as Exhibit "A" and incorporated herein by reference; however, the allegations contained in Exhibit "A" are not herein alleged to be true.

7.      A copy of the Complaint filed by Defendant Camick in the Second Underlying Lawsuit is attached hereto as Exhibit "B" and incorporated herein by reference; however, the allegations contained in Exhibit "B" are not herein alleged to be true.

8.      A copy of Plaintiff's First Amended Civil Complaint filed in the Third Underlying Lawsuit is attached hereto as Exhibit "C" and incorporated herein by reference; however, the allegations contained in Exhibit "C" are not herein alleged to be true.

9.      A copy of the Complaint filed in the Fourth Underlying Lawsuit is attached hereto as Exhibit "D" and incorporated herein by reference; however, the allegations contained in Exhibit "D" are not herein alleged to be true.

10.     The amount in controversy exceeds $75,000.00 and the dispute exists among citizens of different states as well as between a citizen of a State and a citizen or subject of a foreign state. Consequently, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1)-(2).

11.     Defendant Camick filed the First, Third and Fourth Underlying Lawsuits in the United States District Court for the District of Kansas and has purposely directed his activities at residents of Kansas and has purposefully availed himself the privilege of conducting activities within the State of Kansas, and this Declaratory Judgment Complaint arises from Defendant Camick's Kansas-forum related activities pursuant to the underlying lawsuit.

12.     The insurance policy from which this dispute arises was issued by the Plaintiff to Defendant Kom Traxx in the State of Kansas, which is also where the circumstances giving rise to the underlying lawsuit allegedly occurred.  Consequently, venue is also proper.

### First Underlying Lawsuit

13.     Plaintiff Atain incorporates by reference paragraphs 1 through 12 of its Complaint for Declaratory Judgment, as if fully set forth herein.

14.     In the First Underlying Lawsuit, Defendant Camick filed a Complaint ("Complaint in the First Underlying Lawsuit") on or about July 19, 2013, against Defendant Wattley; Defendant Kom Traxx; the District Court of Cowley County, Winfield, Kansas; Christopher E. Smith; The Winfield Police Department; and Nicole Hills.  *See* Exhibit A.

15.     The Complaint in the First Underlying Lawsuit asserted the following counts: 1. Violation of Plaintiff's 4th Amendment Right Against Unreasonable Search and Seizure; 2. Violation of Plaintiffs' 5th Amendment Right to Due Process (as incorporated to the States through the 14th Amendment); 3. Violation of Defendant's 6th Amendment Right to a Speedy Trial by Jury; and 4. Intentional Infliction of Emotional Distress / Tort of Outrage.  *See* Exhibit A.

16.     The Complaint in the First Underlying Lawsuit alleged that Defendant Wattley engaged in abuse of process by using the criminal justice system to get revenge against Defendant Camick and was clearly seeking control of Defendant Camick's assets.  *See* Exhibit A, ¶ 63 and Counts 1-4.

17.     The allegations in the Complaint in the First Underlying Lawsuit pertaining to Defendant Wattley and/or Defendant Kom Traxx were all based on alleged intentional acts or conduct.  *See* Exhibit A, ¶¶ 25, 27, 29-32, 35, 38, 41, 49, 55, 63-65, and 67-68.

**Second Underlying Lawsuit**

18.     Plaintiff Atain incorporates by reference paragraphs 1 through 17 of its Complaint for Declaratory Judgment, as if fully set forth herein.

19.     In the Second Underlying Lawsuit, Defendant Camick filed a Complaint ("Complaint in the Second Underlying Lawsuit") on or about December 6, 2013, against Harry R. Holladay ("Holladay"), Defendant Kom Traxx, and Defendant Wattley.  *See* Exhibit B.

20.     The Complaint in the Second Underlying Lawsuit includes a section titled "CAUSES of ACTION AGAINST DEFENDANT WATTLEY", which alleges intentional acts on the part of Defendant Wattley.  *See* Exhibit B, ¶¶ 90-93.

21.     The allegations in the Complaint in the Second Underlying Lawsuit pertaining to Defendant Wattley and/or Defendant Kom Traxx were all based on alleged intentional acts or conduct.  *See* Exhibit B, ¶¶ 28, 46, 52-56, 76, 84, and 90-93, and p. 17-18.

### Third Underlying Lawsuit

22.     Plaintiff Atain incorporates by reference paragraphs 1 through 21 of its Complaint for Declaratory Judgment, as if fully set forth herein.

23.     In the Third Underlying Lawsuit, Defendant Camick filed a First Amended Civil Complaint ("Amended Complaint in the Third Underlying Lawsuit") on or about December 12, 2017, against Harry R. Holladay ("Holladay"), Defendant Kom Traxx, and Defendant Wattley.  *See* Exhibit C.

24.     The first page of the Amended Complaint in the Third Underlying Lawsuit lists the following counts: (1) Violation of Defense/Theft of Trade Secrets Act, 18 U.S.C. § 1832 against Holladay, Wattley and Kom Traxx; (2) Violation of Kansas Uniform Trade Secrets Act, K.S.A. 60-3322 against Holladay, Wattley and Kom Traxx; (3) Tortious Interference with Prospective Business Relationship against Holladay, Wattley and Kom Traxx; (4) Breach of Fiduciary Duty owed to Kom Traxx against Holladay; (5) Violation of 18 U.S.C. §§ 1962-1964(c) the Racketeer Influenced and Corrupt Organisations [sic] Act against Holladay, Wattley and Kom Traxx; and (6) Breach of Written Contract against Wattley.  *See* Exhibit C.

25.     Defendant Camick titled Count I of the Amended Complaint in the Third Underlying Lawsuit, "Violation of Theft of Trade Secrets, 18 U.S.C. § 1832 (AGAINST DEFENDANTS Holladay, Wattley and Kaitraxx LLC)."

26.     In Count I of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that he owns and possesses certain proprietary, confidential and trade secret information.  *See* Exhibit C, ¶¶ 121-126.

27.     In Count I of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley, Defendant Kom Traxx, and Holladay misappropriated the alleged proprietary, confidential and trade secret information and that such misappropriation was unlawful, intentional, knowingly, willful, malicious, fraudulent and deceitful.  *See* Exhibit C, ¶ 127.

28.     In Count I of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that the misappropriation of the alleged proprietary, confidential and trade secret information by Defendant Wattley, Defendant Kom Traxx, and Holladay is continuing.  *See* Exhibit C, ¶ 128.

29.     In Count I of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges he is entitled to an award of exemplary damages and associated attorney's fees.  *See* Exhibit C, ¶ 130.

30.     Defendant Camick titled Count II of the Amended Complaint in the Third Underlying Lawsuit, "Violation of Kansas Uniform Trade Secrets Act, K.S.A. 60-3322 naming as defendants Harry R. Holladay, E.A. Wattley and Kaitraxx LLC."

31.     In Count II of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that he possesses certain proprietary, confidential and trade secret information.  *See* Exhibit C, ¶¶ 132-133.

32.     In Count II of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges Defendant Wattley, Defendant Kom Traxx, and Holladay misappropriated trade secrets by improper means.  *See* Exhibit C, ¶¶ 134-135.

33.     In Count II of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that the misappropriation of the alleged trade secrets by Defendant Wattley, Defendant Kom Traxx, and Holladay is continuing.  *See* Exhibit C, ¶ 136.

34.     In Count II of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges Defendant Wattley, Defendant Kom Traxx, and Holladay's acts in misappropriating and acquiring his trade secrets through improper means was intentional, willful, fraudulent and with malice, therefore entitling him to exemplary damages under K.S.A. §60-3701.  *See* Exhibit C, ¶ 137.

35.     Defendant Camick titled Count III of the Amended Complaint in the Third Underlying Lawsuit, "Tortious Interference with Perspective Business Relationship (Against Holladay, Wattley and Kaitraxx LLC)."

36.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that he developed a business relationship with AT&T, that he developed the manhole security system for use by AT&T, and that he performed a field trial installation with AT&T.  *See* Exhibit C, ¶¶ 140-141.

37.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley and Defendant Kom Traxx had no prior agreement or contract with AT&T and that Defendant Wattley had not business with AT&T.  *See* Exhibit C, ¶¶ 140-141.

38.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley's act of invoicing AT&T for costs associated with the

7

installation was an intentional act, that Defendant Wattley persisted with her improper actions in a malicious act of defiance, and that Defendant Wattley's statement to AT&T was untruthful.  *See* Exhibit C, ¶ 141.

39.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that but for the acts of Defendant Wattley he would have a reasonable expectancy of doing business with AT&T continuing to this day.  *See* Exhibit C, ¶ 142.

40.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley's conduct was evil minded and with specific intent to cause embarrassment to Defendant Camick and to injure his relationship with AT&T.  *See* Exhibit C, ¶ 144.

41.      In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendants Wattley and Kom Traxx's claims to Defendant Camick's patents and trade secrets interfered with Camick's business relationship with AT&T and that Defendant Wattley used Defendant Camick's immigration status to interfere with said business relationship.  *See* Exhibit C, ¶¶ 142-145.

42.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley' s conduct was intentional, willful, knowing and was specific evil intent to cause injury to Defendant Camick.  *See* Exhibit C, ¶ 145.

43.     In Count III of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that he has incurred and will continue to incur damages because of Defendant Wattley, Defendant Kom Traxx, and Holladay's misappropriation.  *See* Exhibit C, ¶ 147.

44.     Defendant Camick titled Count IV of the Amended Complaint in the Third Underlying Lawsuit, "Breach of Fiduciary Duty owed to Kaitraxx LLC and it's [sic] Principals (AGAINST DEFENDANT H.R. HOLLADAY)."

45.     In Count IV of the Amended Complaint in the Third Underlying Lawsuit, though said Count is directed solely against Holladay, Defendant Camick alleges that Defendant Wattley acted with malice and displayed malicious intent.  *See* Exhibit C, ¶¶ 151-152.

46.     Defendant Camick titled Count V of the Amended Complaint in the Third Underlying Lawsuit, "Violation of 18 U.S.C.§§1962 -1964(c) the Racketeer Influenced and Corrupt Organisations [sic] Act (naming defendants Holladay, Wattley and Kaitraxx LLC)."

47.     In Count V of the Amended Complaint in Third Underlying Lawsuit, Defendant Camick alleges a conspiracy to defraud him of his assets, an act of wire fraud involving Defendant Wattley and Holladay, and RICO violations.  *See* Exhibit C, ¶¶ 159-162.

48.     In Count V of the Amended Complaint in Third Underlying Lawsuit, Defendant Camick alleges Defendant Wattley and Holladay committed an act of wire fraud wherein they fraudulently entered false claims to Defendant Camick's intellectual property.  *See* Exhibit C, ¶ 160.

49.     In Count V of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges a fraudulent conspiracy involving Defendant Wattley, Defendant Kom Traxx, and Holladay.  *See* Exhibit C, ¶ 163.

50.     In Count V of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges the RICO violations were committed with malicious intent.  *See* Exhibit C, ¶ 164.

51.     Defendant Camick titled Count VI of the Amended Complaint in Third Underlying Lawsuit, "Breach of Written Contract by defendant Wattley."

52.     In Count VI of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick claims to have alleged conduct by Defendant Wattley that constitutes a continuing breach of contract.  *See* Exhibit C, ¶ 167.

53.     In Count VI of the Amended Complaint in the Third Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley breached her contract with Defendant Camick on their jointly owned home in Winfield, Kansas.  *See* Exhibit C, ¶ 164.

54.     Although not set forth in Count VI Amended Complaint in the Third Underlying Lawsuit, Defendant Camick also makes an allegation of breach of contract by alleging that Defendant Camick and Defendant Wattley entered into a contractual agreement whereby they agreed that Defendant Camick's 50% share of profits in one specific contract would be set aside and assigned to cover all costs associated with the development of the manhole security system invention and further alleging that Defendant Wattley breached the contract by failing to follow through on promises made to repay and remunerate Defendant Camick.  *See* Exhibit C, p. 4-5.

55.     The Amended Complaint in the Third Underlying Lawsuit contains numerous other allegations of alleged intentional conduct on the part of Defendant Wattley and/or Defendant Kom Traxx.  *See* Exhibit C, ¶¶ 7, 9, 10, 33, 74-79, 82, 94-96, 99-100, 104-105, 114-116, and 119.

56.     The Amended Complaint in the Third Underlying Lawsuit includes a prayer for relief seeking in part $15 Million.  *See* Exhibit C, ¶ 171.

## The Fourth Underlying Lawsuit

57.     Plaintiff Atain incorporates by reference paragraphs 1 through 56 of its Complaint for Declaratory Judgment, as if fully set forth herein.

58.     In the Fourth Underlying Lawsuit, Defendant Camick filed a Complaint ("Complaint in the Fourth Underlying Lawsuit") on or about November 13, 2017, against Defendant Wattley. *See* Exhibit D.

59.     The first page of the Complaint in the Fourth Underlying Lawsuit lists the following counts: (I) Conspiracy, under color of law, to violate plaintiff's civil rights; (II) Misuse of judicial process; (III) Malicious prosecution / conspiracy to commit malicious prosecution; (IV) Tort of defamation / defamation *per se*; (V) Prima Facie Tort; and (VI) Tort of Outrage. *See* Exhibit D, p. 1.

60.     Defendant Camick titled Count I of the Complaint in the Fourth Underlying Lawsuit, "Conduct of E.A. Wattley, acting with government employees, under color of law, in concerted action to deny plaintiff his civil rights, in violation of statute codified at 42 U.S.C. § 1985(3). Evidence may also show criminal conduct by Wattley pursuant to 18 U.S.C.§ 241."

61.     In Count I of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges a conspiracy between Defendant Wattley and several other government employees and alleges "a common goal of Wattley" and government employees "to harm Mr. Camick; to convict Mr. Camick of a felony crime; and to remove him from the U.S. on criminal grounds . *See* Exhibit D, p. 9.

62.     In Count I of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges unlawful conduct by Defendant Wattley toward Mr. Camick. *See* Exhibit D, ¶ 20.

63.     In Count I of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges Defendant Wattley filed a private complaint with a Congressman, gave testimony, and filed an untruthful false report of a crime. *See* Exhibit D, ¶¶ 22, 25-26, and 28.

64.     A § 1985(3) private conspiracy "for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,"

11

requires an intent to deprive persons of a right guaranteed against private impairment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993).

65.    Defendant Camick titled Count II of the Complaint in the Fourth Underlying Lawsuit, "E.A. Wattley, by intentional tortious conduct, misused federal judicial process to violate plaintiff's constitutional rights causing irreparable harm to Mr. Camick."

66.    In Count II of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley devised a scheme and abused the judicial system by alleging criminal conduct in a private party complaint naming Defendant Camick with a true motive to have him deported. *See* Exhibit D, ¶¶ 30-31.

67.    In Count II of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that "[t]he elements of abuse of judicial process include the presence of a willful act in the use of judicial process for an ulterior purpose not proper in the regular conduct of the proceedings" and that Defendant "Wattley willfully filed a complaint with Federal law enforcement, naming Mr. Camick." *See* Exhibit D, ¶ 33.

68.    Defendant Camick titled Count III of the Complaint in the Fourth Underlying Lawsuit, "E.A. Wattley, with malice, intentionally initiated federal judicial process, without probable cause, resulting in irreparable harm to Mr. Camick."

69.    In Count III of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley had a "malicious intent to harm Mr. Camick." *See* Exhibit D, ¶ 35.

70.    In Count III of the Complaint in Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley's conduct in causing his wrongful prosecution and wrongful imprisonment was "malicious and intentional." *See* Exhibit D, ¶ 38.

71.     Defendant Camick titled Count IV of the Complaint in the Fourth Underlying Lawsuit, "Continuing conduct by E.A. Wattley in tortious defamation of Mr. Camick Pursuant to K.S.A. 40-2404."

72.     In Count IV of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley has defamed Defendant Camick.  *See* Exhibit D, ¶¶ 41, 44, and 46.

73.     Defamation under K.S.A. 40-2404 must be "calculated to injure such person."

74.     Defendant Camick titled Count V of the Complaint in the Fourth Underlying Lawsuit, "E.A. Wattley's complaint naming Mr. Camick satisfies the elements of the tort of Prima Facie."

75.     In Count V of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley filed a false report to Winfield, Kansas police with an "intent to harm Mr. Camick."  *See* Exhibit D, ¶ 48.

76.     In Count V of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley maliciously filed two state false reports of crimes."  *See* Exhibit D, ¶ 49.

77.     Defendant Camick titled Count VI of the Complaint in the Fourth Underlying Lawsuit, "E.A. Wattley's actions taken toward Mr. Camick are Outrageous."

78.     In Count VI of the Complaint in the Fourth Underlying Lawsuit, Defendant Camick alleges that Defendant Wattley displayed vicious and vindictive conduct of a continuing nature and that her conduct was not less than outrageous.  *See* Exhibit D, ¶¶ 50-55.

79.     The Complaint in the Fourth Underlying Lawsuit contains numerous other allegations of alleged intentional conduct outside of the enumerated counts.  *See* Exhibit D, ¶¶ 10, 15-16, and 18.

80.     The Complaint in the Fourth Underlying Lawsuit seeks $15 Million.  *See* Exhibit D, ¶ 57.

<strong><u>The Policy</u></strong>

81.     Plaintiff Atain issued a Commercial Lines Policy, Policy No. CIP117193 ("the Policy"), with original effective dates of May 27, 2011 to May 27, 2012, to defendant Kom Traxx as Named Insured, but Defendant Wattley cancelled that policy on September 19, 2011, thereby limiting the policy period to May 27, 2011 to September 19, 2011.  A copy of the Policy is attached hereto as Exhibit "E" and incorporated herein by reference.

82.     Subject to the provisions of the provisions, terms, exclusions, definitions, conditions and endorsements set forth therein, the Policy provide coverage in the amount of $1,000,000 Each Occurrence Limit, $1,000,000 Personal and Advertising Injury Limit, and $2,000,000 General Aggregate Limit (Other than Products/Completed Operations).  *See* Exhibit E, Commercial General Liability Coverage Part, Supplemental Declarations.

83.     The Policy contains the following pertinent provisions with respect to the Insuring Agreements for COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, set forth in italics:

<strong><em>COMMERCIAL GENERAL LIABILITY COVERAGE FORM</em></strong>

\*                    \*                    \*

***SECTION I – COVERAGES***

***COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY***

***1.  Insuring Agreement***

   ***a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this***

14

*insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:*

**(1)** *The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*

**(2)** *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

**b.** *This insurance applies to "bodily injury" and "property damage" only if:*

**(1)** *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "covered territory";*

**(2)** *The "bodily injury" or "property damage" occurs during the policy period;*

84.    The Policy contains the following pertinent exclusions with respect to COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, set forth in italics:

**2.  Exclusions**

*This insurance does not apply to:*

**a.  Expected or intended injury**

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

**b.  Contractual Liability**

*"Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

*(1) That the insured would have in the absence of the contract or agreement; or*

*(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

*(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

15

    (b) *Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

*            *            *

**e.  Employer's Liability**

1.  *"Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and in the course of employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity;*

2.  *Any obligation of the insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured arising out of and in the course of employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity;*

3.  *"Bodily injury" sustained by the spouse, parent, brother, sister, companion or offspring of an employee','' subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" of the insured as a consequence of "bodily injury" to such an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" in the course of his employment by or service to the insured; or*

4.  *Contractual liability as defined in Section I - Exclusions, item 2 b. of the Commercial General Liability Coverage Form CG 0009.*

*For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any "employees" of the insured, agents, representatives, volunteers, spouses, family members of the insured or any Additional Insureds added to this policy.*

*This exclusion applies to all causes of action arising out of "bodily injury" to any "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "leased worker" or "volunteer worker" by any person or organization for damages because of "bodily injury", including care and loss of services.*

*            *            *

**o.  Personal and Advertising Injury**

*"Bodily injury" arising out of "personal and advertising injury".*

16

85.     The Policy contains the following pertinent provisions with respect to the Insuring

Agreements for COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, set forth

in italics:

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.  Insuring Agreement**

    **a.**  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.  But:*

        *(1)  The amount we will pay for damages is limited as described in Section III – Limits of insurance; and*

        *(2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

    *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** or **B**.*

    **b.**  *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

86.     The Policy contains the following pertinent exclusions with respect to COVERAGE B

PERSONAL AND ADVERTISING INJURY LIABILITY, set forth in italics:

**2.  Exclusions**

    *This insurance does not apply to:*

    **a.  Knowing Violation of Rights of Another**

    *"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".*

    **b.  Material Published With Knowledge Of Falsity**

    *"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.*

17

*      *      *

**d.   Criminal Acts**

*"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.*

**e.   Contractual Liability**

*"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement.  This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.*

**f.   Breach of Contract**

*"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".*

*      *      *

**I.   Infringement of Copyright, Patent, Trademark or Trade Secret**

*"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".*

*However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.*

*      *      *

**L.   Unauthorized Use Of Another's Name Or Product**

*"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any similar tactics to mislead another's potential customers.*

87.     The Policy contains the following pertinent provisions with respect to WHO IS AN INSURED, set forth in italics:

**SECTION II – WHO IS AN INSURED**

**1.   If you are designated in the Declarations as:**

*      *      *

**c.   A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.**

*      *      *

**2.   Each of the following is also an insured:**

18

**a.** *Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:*

(1) *"Bodily injury" or "personal and advertising injury":*

(a) *To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;*

(b) *To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;*

(c) *For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or*

(d) *Arising out of his or her providing or failing to provide professional health care services.*

(2) *"Property damage" to property:*

(a) *Owned, occupied or used by,*

(b) *Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by*

*you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).*

88.    The Policy contains the following pertinent provisions with respect to

COMMERCIAL GENERAL LIABILITY CONDITIONS, set forth in italics:

### *SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*

\*                    \*                    \*

### *2.  Duties In The Event of Occurrence, Offense, Claim Or Suit*

**a.**  *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:*

(1) *How, when and where the "occurrence" or offense took place;*

19

   *(2) The names and addresses of any injured persons and witnesses; and*

   *(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.*

  ***b.*** *If a claim is made or "suit" is brought against any insured, you must:*

   *(1) Immediately record the specifics of the claim or "suit" and the date received; and*

   *(2) Notify us as soon as practicable*

  *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

  ***c.*** *You and any other involved insured must:*

   *(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

   *(2) Authorize us to obtain records and other information;*

   *(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

   *(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

  ***d.*** *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

89. The Policy contains the following pertinent DEFINITIONS, set forth in italics:

### SECTION V – DEFINITIONS

     \*    \*    \*

***3.*** *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

     \*    \*    \*

***9.*** *"Insured contract" means:*

     \*    \*    \*

  ***f.*** *That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf.  Tort liability means a*

*liability that would be imposed by law in the absence of any contract or agreement.*

*        *        *

**13.**   *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

**14.**   *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

**a.**   *False arrest, detention or imprisonment;*

**b.**   *Malicious prosecution;*

*        *        *

**d.**   *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.*

**e.**   *Oral or written publication, in any manner, of material that violate a person's right of privacy;*

*        *        *

**g.**   *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

*        *        *

**17.**   *"Property damage" means:*

a.   *Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

b.   *Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For the purposes of this insurance, electronic data is not tangible property.*

*As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

90.   The Policy contains the following pertinent endorsement, set forth in italics:

***COMBINED COVERAGE AND EXCLUSION ENDORSEMENT***

*        *        *

***IV.    EMPLOYMENT- RELATED PRACTICES EXCLUSION***

21

A.   *The following exclusion is added to Paragraph 2., Exclusions of COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I-Coverages), of the Commercial General Liability form and is added in general as an exclusion to other coverage forms that constitute a portion of your policy:*

*This insurance does not apply to:*

*"Bodily Injury" to:*

(1)   *A person arising out of any:*

    (a)   *Refusal to employ that person;*

    (b)   *Termination of that person's employment; or*

    (c)   *Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or*

(2)   *The spouse, child, parent, brother or sister of that person as a consequence of "Bodily Injury" to that person at whom any of the employment-related practices described in paragraphs (a). (b) or (c) above is directed.*

*This exclusion applies:*

(1)   *Whether the Insured may be liable as an employer or in any other capacity; and*

(2)   *To any obligation to share damages with or repay someone else who must pay damages because of the injury.*

B.   *The following exclusion is added to Paragraph 2., Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY (Section I-Coverages):*

*This insurance does not apply to:*

*"Personal and Advertising Injury" to:*

(1)   *A person arising out of any:*

    (a)   *Refusal to employ that person;*

    (b)   *Termination of that person's employment; or*

    (c)   *Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or*

(2)   *The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" to that person at whom any of*

22

*the employment-related practices described in paragraphs (a), (b) or (c) above is directed.*

*This exclusion applies:*

*(1)     Whether the Insured may be liable as an employer or in any other capacity; and*

*(2)     To any obligation to share damages with or repay someone else who must pay damages because of injury.*

91.     The Policy contains the following pertinent exclusion, set forth in italics:

**INFRINGEMENT, MISAPPROPRIATION
AND UNFAIR COMPETITION EXCLUSION**

*It is hereby agreed that this policy shall not apply to any "claim," "suit," or liability for:*

*A.      Any infringement upon or dilution of copyright, trademark, patent, title, slogan, service mark, service name or trade dress;*

*B.      Any invasion or infringement of or interference with the right of privacy or publicity including, but not limited to, intrusion, public disclosure of private facts, unwarranted or wrongful publicity, false light or the use of name or likeness for profit;*

*C.      Plagiarism or misappropriation of information, trade secrets, ideas or style of doing business;*

*D.      "Unfair competition" as defined by statute or common law, whether or not pertaining to and alleged in conjunction with a claim of plagiarism, misappropriation of information or ideas, "piracy," infringement of copyright, title, slogan, trademark, trade name, trade dress, service mark or service name.*

## COUNT I – DECLARATORY JUDGMENT

92.     Plaintiff Atain incorporates by reference paragraphs 1 through 91 of its Complaint for Declaratory Judgment, as if fully set forth herein.

93.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the claims and/or allegations asserted in the Underlying Lawsuits, including any claims that were or could have been asserted therein.

23

94.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for Counts 1- 4 of the Complaint in the First Underlying Lawsuit.

95.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the allegations of the Complaint in the First Underlying Lawsuit.

96.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for Counts I-VI of the Amended Complaint in the Third Underlying Lawsuit.

97.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for Counts I-VI of the Complaint in the Fourth Underlying Lawsuit.

98.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because the Underlying Lawsuits do not allege "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Policy.

99.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because the Underlying Lawsuits do not allege "bodily injury" or "property damage" that occurred during the policy period.

100.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because there are no claims against any individual or entity qualifying as an "insured" under the Policy.

101.     The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because the Underlying Lawsuits do not allege "personal and advertising injury" as defined in the Policy.

102.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because the Underlying Lawsuits do not allege "personal and advertising injury" as defined in the Policy.

103.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because the Underlying Lawsuits do not allege "personal and advertising injury" caused by an offense arising out of your business and committed during the policy period.

104.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE pursuant to the endorsement titled INFRINGEMENT, MISAPPROPRIATION AND UNFAIR COMPETITION EXCLUSION, of the Policy.

105.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE, 2. Exclusions, a. Expected or Intended Injury, of the Policy.

106.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE, 2. Exclusions, b. Contractual Liability, of the Policy.

107.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE, 2. Exclusions, e. Employer's Liability, of the Policy.

108.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE, 2. Exclusions, o. Personal and Advertising Injury, of the Policy.

109.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE A BODILITY INJURY AND PROPERTY DAMAGE pursuant to the endorsement titled COMBINED COVERAGE AND EXCLUSION ENDORSEMENT, IV, EMPLOYMENT-RELATED PRACTICES EXCLUSION of the Policy.

110.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY pursuant to the endorsement titled INFRINGEMENT, MISAPPROPRIATION AND UNFAIR COMPETITION EXCLUSION, of the Policy.

111.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, a. Knowing Violation of Rights of Another, of the Policy.

112.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, b. Material Published With Knowledge Of Falsity, of the Policy.

113.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, d. Criminal Acts, of the Policy.

114.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, e. Contractual Liability, of the Policy.

115.    The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-

COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, f. Breach of Contract, of the Policy.

116. The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, i. Infringement of Copyright, Patent, Trademark or Trade Secret, of the Policy.

117. The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, l. Unauthorized Use Of Another's Name Or Product, of the Policy.

118. The Policy affords no coverage to Defendants Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because coverage is specifically excluded under the Commercial General Liability Coverage by SECTION I-COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY pursuant to the endorsement titled COMBINED COVERAGE AND EXCLUSION ENDORSEMENT, IV, EMPLOYMENT-RELATED PRACTICES EXCLUSION of the Policy.

119. The Policy affords no coverage to Defendant Wattley or Kom Traxx for the Underlying Lawsuits, including any claims that were or could have been asserted therein, because Defendants Wattley or Kom Traxx breached the Policy with respect to Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event of Occurrence, Offense, Claim Or Suit, of the Policy.

WHEREFORE, plaintiff Atain prays for the following relief:

(a)      A declaration of the Court that Policy No. CIP117193 issued by plaintiff Atain contains unambiguous language that does not provide coverage to Defendants Wattley or Kom Traxx with respect to the claims and causes of action that were asserted or could have been asserted by Defendant Camick in <u>Leslie Lyle Camick v. Evelyn A. Wattley, et al.</u>, Case No. 2:13-cv-02361, previously pending in the United States District Court for the District of Kansas;

(b)      A declaration of the Court that Atain does not and did not have any duty to defend or indemnify defendant Wattley or Defendant Kom Traxx in the underlying lawsuit styled <u>Leslie Lyle Camick v. Evelyn A. Wattley, et al.</u>, Case No. 2:13-cv-02361, previously pending in the United States District Court for the District of Kansas;

(c)      A declaration of the Court that Policy No. CIP117193 issued by plaintiff Atain contains unambiguous language that does not provide coverage to Defendants Wattley or Kom Traxx with respect to the claims and causes of action that were asserted or could have been asserted by Defendant Camick in <u>Leslie L. Camick v. Evelyn A. Wattley, et al.</u>, Case No. 1:16-cv-09013, previously pending in the United States District Court for the District of New Jersey;

(d)      A declaration of the Court that Atain does not and did not have any duty to defend or indemnify defendant Wattley or Defendant Kom Traxx in the underlying lawsuit styled <u>Leslie L. Camick v. Evelyn A. Wattley, et al.</u>, Case No. 1:16-cv-09013, previously pending in the United States District Court for the District of New Jersey;

(e)      A declaration of the Court that Policy No. CIP117193 issued by plaintiff Atain contains unambiguous language that does not provide coverage to Defendants

29

Wattley or Kom Traxx with respect to the claims and causes of action that were asserted or could have been asserted by Defendant Camick in <u>Leslie Lyle Camick, a.k.a. Wayne Camick v. KiaTraxx L.L.C., d/b/a Kom Traxx et al.,</u> Case No. 6:17-cv-01110, pending in the United States District Court for the District of Kansas;

(f)     A declaration of the Court that Atain does not and did not have any duty to defend or indemnify defendant Wattley or Defendant Kom Traxx in the underlying lawsuit styled <u>Leslie Lyle Camick, a.k.a. Wayne Camick v. KiaTraxx L.L.C., d/b/a Kom Traxx et al.,</u> Case No. 6:17-cv-01110, pending in the United States District Court for the District of Kansas;

(g)     A declaration of the Court that Policy No. CIP117193 issued by plaintiff Atain contains unambiguous language that does not provide coverage to Defendant Wattley with respect to the claims and causes of action that were asserted or could have been asserted by Defendant Camick in <u>Leslie Lyle Camick, aka Wayne Camick v. E.A. Wattley, a.k.a. Lyn Wattley</u>, Case No. 6:17-cv-01286, pending in the United States District Court for the District of Kansas;

(h)     A declaration of the Court that Atain does no and did not have any duty to defend or indemnify defendant Wattley in the underlying lawsuit styled <u>Leslie Lyle Camick, aka Wayne Camick v. E.A. Wattley, a.k.a. Lyn Wattley</u>, Case No. 6:17-cv-01286, pending in the United States District Court for the District of Kansas;

(c)     For the Plaintiff's costs and attorney's fees incurred herein; and

(d)     For all other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

NIKKI E. CANNEZZARO                    #49630
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100 (Telephone)
(816) 421-7915 (Facsimile)
ncannezzaro@fsmlawfirm.com

**Attorney for Plaintiff Atain Insurance
Companies**

31