IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ATAIN SPECIALTY INSURANCE
COMPANY, f/k/a USF INSURANCE
COMPANY,

    *Plaintiff,*

vs.

LESLIE LYLE CAMICK, et al.,

    *Defendants.*

Case No. 18-CV-1102-EFM-KGG

**MEMORANDUM AND ORDER**

Plaintiff Atain Insurance Company, formerly known as USF Insurance Company, brings a declaratory judgment action against three Defendants. These include Leslie Lyle Camick; KaiTraxx LLC, d/b/a Kom Traxx (hereinafter "KaiTraxx");[1] and Evelyn A. Wattley. Camick has filed four lawsuits against Wattley and/or KaiTraxx. Plaintiff seeks a judicial determination that its insurance policy does not afford coverage to Defendants Wattley or KaiTraxx for any of the claims asserted in the underlying lawsuits against them. In addition, Plaintiff seeks a judicial determination that it does not or did not have any duty to defend or indemnify Wattley or KaiTraxx in the underlying lawsuits.

---

[1] Although this Defendant has two similar names, the Court will refer to this Defendant as KaiTraxx.

Defendants Wattley and KaiTraxx have filed a Motion to Dismiss (Doc. 17) asserting that two of the four underlying lawsuits were already dismissed and terminated. They contend that these lawsuits do not present an actual case or controversy between Plaintiff and Defendants Wattley and KaiTraxx. Thus, Defendants seek to have Plaintiff's Complaint dismissed in part. Because the Court finds that the two lawsuits that have ended do not present an actual case or controversy, the Court grants Defendants' Motion to Dismiss.

## I. Factual and Procedural Background[2]

Plaintiff issued a commercial policy to Defendant KaiTraxx on May 27, 2011. The original effective dates were May 27, 2011 to May 27, 2012. On September 19, 2011, Defendant Wattley cancelled the policy. The coverage, therefore, ended on that date.

Defendant Camick has filed four lawsuits ("the underlying lawsuits") against Wattley. In three of those lawsuits, KaiTraxx was also named as a Defendant. Camick filed his first, third, and fourth lawsuits in the United States District Court for the District of Kansas. He filed his second lawsuit in the United States District Court for the District of New Jersey.[3] The underlying facts in those lawsuits are not relevant to the current motion before this Court so the Court will not set them forth here.

Camick's first lawsuit,[4] filed in 2013, was dismissed because Camick failed to state a claim. All post-judgment motions related to that case, including an appeal Camick attempted to take to

---

[2] The facts are taken from Plaintiff's Complaint. In addition, the Court has taken judicial notice of the four underlying lawsuits and set forth facts related to the current procedural posture of those cases.

[3] Camick has filed additional lawsuits against additional parties both in this district and the District of New Jersey.

[4] Case No. 13-2361.

the Tenth Circuit Court of Appeals in 2017 (the Tenth Circuit dismissed because it was untimely), have been resolved.[5]

Camick filed his second lawsuit against Wattley and KaiTraxx in 2016. The District Court for the District of New Jersey issued an order on May 9, 2018, dismissing the case because it was barred by the statute of limitations.[6] Neither post-judgment motions nor an appeal were filed in that case.

Camick filed his third and fourth lawsuits against Wattley in 2017. Both of these cases were dismissed.[7] They are currently on appeal to the Tenth Circuit Court of Appeals.

On March 29, 2018, Plaintiff filed this declaratory action against Camick, Wattley, and KaiTraxx. Plantiff seeks a declaratory judgment that its insurance policy issued to KaiTraxx provides no coverage to Wattley or KaiTraxx for any of the events and claims asserted in Camick's underlying lawsuits. In addition, it seeks a declaration that it has no duty to defend or indemnify Wattley in any of Camick's lawsuits against her.

Defendants Wattley and KaiTraxx have now filed a Motion to Dismiss, asserting that the first and second lawsuits have been terminated on the merits and no further action can be taken. Thus, they argue that there is no case or controversy, with regard to these two cases, that would give this Court jurisdiction to hear a claim for declaratory relief. Accordingly, they seek dismissal.

---

[5] Order, *Camick v. Wattley*, Case No. 17-3004 (10th Cir. Jan. 20, 2017), *cert. denied* 137 S.Ct. 2272 (2017).

[6] *Camick v. Holladay*, 2018 WL 2134033 (D.N.J. 2018).

[7] *Camick v. Holladay*, 2018 WL 1523099 (D. Kan. 2018); *Camick v. Wattley*, 2018 WL 1638449 (D. Kan. 2018).

## II.     Analysis

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[8] "[A] declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement."[9] The pertinent question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[10]

Here, the parties do not disagree that a case or controversy exists with regard to two of the four underlying lawsuits. Those two cases are currently on appeal and are still active. Defendants do not seek dismissal regarding these two underlying lawsuits.

The parties disagree, however, as to the relevancy of the two cases that have already been dismissed. Applying the question above of whether there is a substantial controversy of sufficient immediacy and reality to these two cases, the answer is no. There is no justiciable controversy as to these two cases because Plaintiff already performed its duties and the cases are not ongoing. Had Plaintiff desired a ruling that it had no duty to defend or indemnify or that insurance coverage was not present in those cases, it should have brought a declaratory judgment at that time. As it

---

[8] 28 U.S.C. § 2201(a).

[9] *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citation omitted).

[10] *Id.* at 1244 (quotation marks and citation omitted).

stands, those cases are over, and there is nothing for this Court to decide. Thus, there is no case or controversy because there is not sufficient immediacy to warrant a declaratory judgment. Accordingly, the Court grants Defendants' motion. The case, however, remains ongoing. This decision only narrows the issues before this Court.

**IT IS THEREFORE ORDERED** that Defendants KaiTraxx and Wattley's Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of November, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE